UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ROBERT A. REYNOLDS**                                                               **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 1:11-CV-P142-JHM**

**ELIZABETH** *et al.*                                                         **DEFENDANTS**

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon two motions by Plaintiff (DNs 164 & 165) to reconsider the Court's Memorandum Opinion and Order (DN 161), entered on September 30, 2015, in which it granted in part and denied in part Defendants' renewed motion for summary judgment. In that Memorandum Opinion and Order, the Court granted Defendants' motion for summary judgment regarding Plaintiff's medical malpractice claim and denied without prejudice Defendants' motion for summary judgment regarding Plaintiff's claim of deliberate indifference to a serious medical need.

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

In Plaintiff's first motion to reconsider, he seems to argue that the Court erred by not denying with prejudice Defendants' motion for summary judgment regarding his claim of deliberate indifference. In its Memorandum Opinion and Order, the Court denied without prejudice Defendants' motion for summary judgment regarding this claim because its motion was not properly supported. Plaintiff seems to argue that the Court should have denied Defendants' motion for summary judgment with prejudice because, in prior dispositive motions, Defendants failed to make arguments regarding this claim. Plaintiff also complains that the Court improperly "advis[ed] Defendants of their shortcomings" in failing to make an argument regarding Plaintiff's claim of deliberate indifference to a serious medical need. Plaintiff specifically cites to the Court's Memorandum and Order (DN 149), entered on September 5, 2014, in which it denied one of Defendants' prior motions for summary judgment as being premature and then stated: "Further, the Court advises that nowhere in their dispositive motion do Defendants mention the . . . claim of deliberate indifference to a serious medical need . . . ." The Court finds Plaintiff's arguments without merit. Thus, the Court will deny Plaintiff's motion to reconsider its denial without prejudice of Defendants' motion for summary judgment on his deliberate indifference claim.

In Plaintiff's second motion to reconsider, he asks the Court to reconsider its granting of summary judgment for Defendants on his medical-malpractice claim. In its Memorandum Opinion and Order, the Court granted Defendants' motion on this claim because Plaintiff had failed to disclose or produce a competent and qualified expert witness critical of the medical care he received and failed to show that he met one of the two exceptions to this state-law requirement. In his motion, Plaintiff makes the same arguments and presents the same exhibits that he incorporated into his response to Defendants' motion for summary judgment. He

identifies no change in controlling law and no new evidence of note, but rather argues that the Court erred in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Plaintiff has made. The Court stands by its original decision for the reasons set forth therein. Thus, the Court will deny Plaintiff's motion to reconsider its grant of summary judgment for Defendants on his medical malpractice claim.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions to reconsider the Court's September 30, 2015, Memorandum Opinion and Order (DNs 164 & 165) are **DENIED**.

Date: March 10, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4414.011